MARCOS, APPELLANT, *v.* THE REGISTRAR OF PROPERTY. RESPONDENT.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 138.—Decided March 5, 1913.

RECORD OF TITLE.—Although the Mortgage Law does not require that houses be recorded, the record of the lots on which they are situated being sufficient, nevertheless, it has been the usual practice to record the buildings, but the owner of a lot who builds two separate houses thereon, each bearing a different street number, is not obliged to record them separately.

The facts are stated in the opinion.

*Messrs. Bosch* and *Soto* for appellant.

The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Francisco Marcos Purón was the owner of a lot situated in the Marina, and on the 31st of December, 1912, executed a notarial declaration or act before a notary about a proposed construction, in which he stated that he had destroyed two wooden houses with zinc roofs located on the said lot, erecting in their place two others, which he described in the notarial declaration, it being his intention that such edifices should be stated in the appropriate record. When this declaration was presented to the registrar of property he refused the record in the following note:

"The record of the foregoing document is denied for the following reasons:

"First. Because therein two separate houses, marked with different government numbers, are sought to be recorded as a single property, whereas the same should form with their respective lands two distinct urban lots and to which different numbers should be given in the registry, each in the form that section 8 of the Mortgage Law determines; and

"Second. Because as, according to the registry, there is a house erected on the lot, it cannot be determined if such house is one of the two to which the declaration refers, or if on the contrary the two described are to be recorded in addition to one already recorded, in which case three distinct properties would appear."

The Mortgage Law does not require that the houses should be recorded, but it has been the constant practice of the registrar to record the descriptions of the constructions' of a *finca* to give greater certainty in the identification of the property, and the practice has been approved by the General Directory of the Registries in its decisions of August 22 and 31, 1863. The question of whether a particular property has been divided into two or more is partly one of fact, but largely one of the intention of the owner.

In the case before us there is no further showing that

these are two distinct properties other than that one of the houses is situated on Nuevo Street numbered *two* and the other on Princesa Street and numbered *nine*. But this statement does not show that the land has been divided into distinct lots. That there was no intention to divide appears from the declaration itself, inasmuch as appellant shows that he was merely describing the buildings on his lot already recorded. There is no provision of law requiring a man to divide his property into two or more, merely because he places two distinct buildings thereon.

We think it is fairly plain, too, from the declaration that the two houses erected are in place of two others that were there and that the two destroyed were the only ones existing.

Under these circumstances, following the practice, we think it was the duty of the registrar to record the declaration, and it is so ordered.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.